## 10905

### GRIGGS v. McGREGOR *ET AL.*

(113 S. E. 78)

1. REFORMATION OF INSTRUMENTS—DEFENDANT HELD ENTITLED TO REFORMATION TO SHOW TIMBER RESERVATION.—Where defendant had contracted to purchase land and timber, and, before receiving his deed, agreed to sell the land without the timber to plaintiff, and to avoid circuity of conveyance had the land conveyed directly from his vendor to plaintiff, but by mistake of the scrivener the deed to plaintiff contained no reservation of the timber rights of defendant, defendant was entitled to have the deed reformed so as to correct the mistake.

2. REFORMATION OF INSTRUMENTS—DECREE FOR REFORMATION OF DEED AFFIRMED NOTWITHSTANDING ABSENCE OF GRANTOR AS PARTY.—Where defendant, who had purchased both land and timber, had the deed made to plaintiff, to whom he sold the land without the timber, and by mistake the reservation of the timber to defendant was omitted therefrom, a decree for defendant reforming the deed to correct the mistake, rendered in an action against defendant for trespass for cutting the timber, will be affirmed notwithstanding the failure to make the grantor of the deed a party, where the parties stipulated that all proper parties were before the Court, and the grantor had conveyed his entire interest, so that he probably would make no defense, but the affirmance will be without prejudice to his rights.

NOTE:—On reformation of contract because of mistake of law as to its effect, see note in 28 L. R. A. (N. S.), 900.

Mistake of law as to effect of instrument as grounds of reformation, see note in 28 L. R. A. (N. S.), 785.

Before PEURIFOY, J., Chesterfield, January, 1922.   Affirmed.

Action by Oscar Griggs against D. H. McGregor *et al.* Judgment for defendants and plaintiff appeals.

*Messrs. A. A. Tarlton* and *Barnett & McDonald,* for appellant, cite: *Parol testimony inadmissible to vary written instrument:* 24 S. C., 128; 69 S. C., 99; 53 S. C., 35; 69 S. C., 87; 2 Strob. Eq., 153; 46 S. C., 228; Bail. Eq., 485. *Reservation of standing timber on land conveyed cannot be shown by parol:* 79 S. C., 135; 84 S. C., 184.

*Mr. C. L. Prince,* for respondents, cites: *Parol testimony admissible in case of mistake:* 10 R. C. L., 1018; 1 Greenleaf Evid. (16th Ed.), Sec. 296a.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages for trespass and for injunction.   The uncontested facts, if the testimony sustaining them be admissible, appear to have been as follows:

The land in question at one time belonged to one P. A. Sellers, not a party to this action.   He of course owned the land and the timber thereon.   He made a verbal agreement with the defendant, McGregor, for the sale of both land and timber at $1,800.00.   Before the trade was closed by deed, McGregor made a verbal agreement with the plaintiff, Griggs, for the sale of the land, reserving the timber, at $1,600.00.   Rather than have two deeds executed, one from Sellers to McGregor for the land and timber and another from McGregor to Griggs for the land, reserving the timber, the parties interested agreed that one deed, from Sellers to Griggs, should be executed, and employed a young man at the bank to draw the deed.   He drew the deed conveying the land, making no mention of the timber reserva-

tion, from Sellers to Griggs. The latter went into posses-
sion, and while he was in possession and with his knowledge
McGregor, at least two years before the present action was
brought, without objection from Griggs, cut a considerable
portion of the timber. Afterwards Griggs gave him notice
to cut no more, and instituted this action for damages and
injunction.

The defendants answered, denying the plaintiff's right
to damages or injunction by reason of the foregoing facts,
and prayed that the deed from Sellers to Griggs be reformed
to express the real intention of the parties, the same having
conveyed to Griggs both the land and the timber contrary
to the understanding and agreement of the parties, due to a
mistake in the scrivener. The case was referred to the mas-
ter, who reported the facts as the defendants contended
for and recommended a reformation of the deed. The
Circuit Judge confirmed his report in all particulars and
ordered a reformation. The plaintiff has appealed.

If Sellers had been made a party defendant, upon
the facts stated, McGregor would unquestionably
have been entitled to a reformation as against both
Griggs and Sellers. See the recent case of *Jumper v. Lum-
ber Co.,* 115 S. C., 452; 106 S. E., 473, where the question
of reformation is discussed and the principles announced.

The embarrassment arises in decreeing a reforma-
tion of the deed executed by Sellers when he is not
a party to this action. At any rate, even in his ab-
sence, the Court may conclude that, so far as Griggs, who
is a party, is concerned, the defendants are entitled to a
reformation of the deed, and that Griggs holds the legal
title as trustee for McGregor, which is sufficient to defeat
his right to damages or injunction. But, as the stipulation
of the parties is that "all parties are properly in Court,"
and no question is raised as to the absence of Sellers, and
for the further reason that Sellers has conveyed his entire

interest and most probably would make no defense if he were made a party, we will affirm the decree, without prejudice to the rights of Sellers.

Affirmed.